IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| AARON HENDERSON, | ) | 17-cv-0839 |
| | ) | |
| Petitioner, | ) | ELECTRONICALLY FILED |
| | ) | |
| v. | ) | |
| | ) | |
| THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, the DISTRICT ATTORNEY OF ALLEGHENY COUNTY, and the SUPERINTENDENT OF SCI HOUTZDALE, | ) ) ) ) ) ) ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (DOC. 62)**

Pending before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 4), filed *pro se* by Petitioner Aaron Henderson, with the counseled brief in support. (Doc. 33). The matter was referred to United States Magistrate Judge Cynthia Reed Eddy for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The magistrate judge filed a Report and Recommendation on December 1, 2022, recommending that the Petition be denied and that a certificate of appealability be denied. (Doc. 62). Petitioner, through counsel, filed timely objections to the report and recommendation. (Doc. 65). Respondents were ordered to file a response to the objections by January 17, 2023. (Doc. 66). To date, Respondents have not filed a response and have not sought an extension of time in which to do so. The Court will proceed to rule on the objections without the benefit of a response from Respondents.

Where, as here, objections have been filed, the Court is required to make a *de novo* determination about those portions of the R&R to which objections were made. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.

Petitioner's objections span twenty-nine (29) typewritten pages. The vast majority of the filing is a reiteration of the procedural history of this case and a rehashing of the arguments that were fully addressed and rejected by the magistrate judge. Petitioner does not dispute that the sole ground for relief raised in this Petition was reviewed on the merits by the Superior Court of Pennsylvania, and as such, this Court's review is governed by AEDPA's standard of review: whether the Superior Court's adjudication of this claim was contrary to, or involved an unreasonable application of clearly established law. See 28 U.S.C. § 2254(d)(1).

Petitioner raises two objections: (1) that the magistrate judge erred in concluding "that the state court ruling was not contrary to or an unreasonable application of *Strickland* and its progeny," and (2) that the magistrate judge erred in recommending that a certificate of appealability not be issued. Obj. at pp. 24-25. (Doc. 65). Petitioner's objections will be addressed in turn.

Turning to the first objection, on April 19, 2011, approximately seven months prior to the commencement of Henderson's trial, the Pennsylvania Supreme Court granted allocator on the issue of whether a trial court should have the discretion to permit expert testimony as it related to eyewitness identification. See *Commonwealth v. Walker*, 17 A.3d 921 (Pa. 2011). Pennsylvania law did not change until May of 2014, well after the conclusion of Henderson's trial, when the

Pennsylvania Supreme Court issued its decision in *Commonwealth v. Walker*, 92 A.3d 766 (Pa. 2014).

Petitioner does not dispute that at the time of Henderson's trial, which occurred between November 30, 2011 and December 2, 2011, the decisional law in Pennsylvania barred expert testimony as it related to eyewitness identification. His argument, however, is that had trial counsel made the request to the trial court for an expert in eyewitness identification to testify, the issue would have been preserved for appellate review.  And in failing to preserve the issue, trial counsel rendered ineffective assistance of counsel.

Both the PCRA court, in dismissing Henderson's PCRA petition, and the Superior Court, in affirming the dismissal of the PCRA petition, noted that at the time of Henderson's trial, Pennsylvania law barred expert identification testimony and trial counsel could not be found ineffective for failing to assert a meritless claim.  Additionally, Superior Court Judge Lazarus, writing for the majority, commented that "[i]f counsel is not ineffective for failing to introduce such testimony, it defies logic to credit that we could find counsel ineffective for failing to preserve the same issue for appeal."  *Commonwealth v. Henderson*, No. 15 WDA 2016, at p. 3 n.2 (Pa. Super. Ct. May 17, 2017) (citations omitted).[1] The Pennsylvania Supreme Court denied

---

[1]  Superior Court Judge Lazarus also noted that had "Henderson raised said issue on direct appeal and said direct appeal had been pending at the time our Supreme Court decided **Walker**, (admissibility of eyewitness identification expert testimony subject to discretionary review of trial court), Henderson would be entitled to benefit from the decision."  *Commonwealth v. Henderson*, No. 15 WDA 2016, slip op. at 3 n.2 (Pa. Super. Ct. May 18, 2017) (citation omitted) (Doc. 56-1).  But, as the magistrate judge's report states, the issue was not raised on direct appeal, but rather was raised in a second PCRA petition which the state courts dismissed as untimely.

discretionary review on February 7, 2018. *Commonwealth v. Henderson*, No. 322 WAL 2017 (Pa. 2018) (Doc. 56-1 at p. 531).

The Court, reviewing the claim through the deferential lens of AEDPA, agrees with the magistrate judge's finding that the Superior Court's disposition of the claim was not contrary to or involved an unreasonable application of clearly established law. Petitioner's first objection, therefore, will be denied.

Petitioner's second objection also will be denied. Under AEDPA, a certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

In support of his objection, Petitioner points to the Superior Court dissent stating that "[w]hen a state appellate court judge believes relief is appropriate, by definition, that means that a 'reasonable jurist' has resolved or would resolve the claim differently and the COA standard has been met." Obj. at p. 27. In his dissent, Superior Court Judge Strassburger found that Henderson had been prejudiced by trial counsel's deficient conduct: "Under the facts of this case, where our Supreme Court adopted a rule that was present in 44 other jurisdictions, I believe that counsel could have had no reasonable basis for not knowing about ***Walker*** and then preserving this issue." *Henderson*, No. 15 WDA 2016, dissent slip op. at p. 3 (Pa. Super. Ct. May 18, 2017) (Strassburger, dissent) (Doc. 56-1, at p. 495).

The Court finds Henderson's second objection to be without merit. Here, this Court's decision is governed by AEDPA's deferential standard of review. To show that a state court decision was an "unreasonable application of federal law," a petitioner must do more than convince this Court that the state court's decision was incorrect. *Dennis v. Sec'y Pennsylvania Dep't of Corr.*, 834 F.3d 263, 281 (3d Cir. 2016) (en banc). As the magistrate judge noted,

> The petitioner must show that the [state court decision] "was <u>objectively</u> unreasonable." *Id.* (quoting *Williams*, 529 U.S. at 409) (emphasis added by *Dennis*). This means that a petitioner must prove that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Report and Recommendation, at p. 13.

The Court is not persuaded that reasonable jurists would debate that, under AEDPA's standard of review, this Court's conclusion that the Superior Court's decision was not contrary to or an unreasonable application of *Strickland* is debatable or wrong. The Court, therefore, declines to issue a certificate of appealability.

For all these reasons, the report and recommendation will be adopted as the Opinion of the Court.

After *de novo* review of the petition and brief, the Answer, and the documents in this case, together with the Report and Recommendation, and the Objections thereto, the Court finds that the report and recommendation, as supplemented, should be adopted as the opinion of the Court. The following Order is entered:

    **AND NOW**, this 1st day of February, 2023:

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus filed by Aaron Henderson is **DENIED** and a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 62), as supplemented, dated December 1, 2022, is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

**SO ORDERED** this 1st day of February, 2023.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:   All Counsel of Record
      (via ECF electronic notification)